UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHELLE LINT,

        Plaintiff,                   Case No. _____

v.

                                    Hon. _____

DELTA AIR LINES, INC.,

        Defendant.
_____/

| GARY A. KROCHMAL, PLLC | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| By:   Gary A. Krochmal (P16251) | By:   Scott R. Torpey (P36179) |
| Attorneys for Plaintiff |        William D. Adams (P54404) |
| 30300 Northwestern Hwy., Ste. 263 | Attorneys for Defendant |
| Farmington Hills, MI 48334 | 27777 Franklin Road, Suite 2500 |
| 248-865-4700 | Southfield, MI 48034 |
| gkrochmal@krochmallaw.com | 248-351-3000 |
| | 248-351-3082 (Fax) |
| | storpey@jaffelaw.com |
| | wadams@jaffelaw.com |

## DEFENDANT DELTA AIR LINES, INC.'S, NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Delta Air Lines, Inc. ("Delta"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1367(a), as well as E.D. Mich. L.R. 81.1, hereby removes the state court action entitled *Michelle Lint v. Delta Air Lines, Inc.*, Civil Action No. 13-003799-N0, from the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

### I.    INTRODUCTION

On or about March 12, 2013, plaintiff Michelle Lint filed suit in the Circuit Court for the County of Wayne, Michigan, against Delta Air Lines, Inc. ("Delta"). (*See* **Exhibit 1**: Plaintiff's Summons and Complaint.) Plaintiff has sued Delta for negligence. Plaintiff alleges that on June 1, 2012, she was a Delta passenger and due to Delta's negligent acts, she slipped on the surface

of a wet "gangplank" or jet bridge, causing her to fall and sustain injuries. (**Exhibit 1**, Complaint, ¶¶ 4-8). Plaintiff seeks an unspecified amount over $25,000.00 for present and continuing "severe injuries to her body and limbs as well as . . . injuries both internally and externally, as well as rupture[ed] discs in her spine, as well as to muscles, nerves and tissues surrounding the back causing Plaintiff to suffer with pain, disability and mental anguish" (**Exhibit 1**, Complaint, ¶ 12), for "sore[ness], ill[ness] and lame[ness]," present and future "pain, humiliation, mental anguish, embarrassment, gross indignity and inconvenience" because of her allegedly permanent injuries, and for loss of "a considerable sum in wages," both past and future. (**Exhibit 1**, Complaint, ¶ 13.) As part of her damages, plaintiff also seeks recovery for past and future "extensive medical treatment" and "medical, hospital and drug expenses." (**Exhibit 1**, Complaint, ¶ 14.)

Plaintiff served a summons and copy of the complaint on Delta on or about March 25, 2013.

## II.   DIVERSITY JURISDICTION

28 U.S.C.A. § 1441(a) authorizes removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Original jurisdiction of this action exists pursuant to 28 U.S.C. A. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between citizens of different states. *See* 28 U.S.C.A. § 1332(a)(1).

### A.   More Likely Than Not, Plaintiff Is Seeking In Excess of the Jurisdictional Amount

The removing party bears the burden of satisfying the amount in controversy requirement of 28 U.S.C.A. § 1332. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). When a plaintiff seeks "some unspecified amount that is not self-evidently greater or less than

2476149.1

the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (citation omitted).

The amount in controversy plaintiff seeks is, more likely than not, above the federal diversity jurisdiction amount of $75,000.00. Plaintiff alleges that, as a result of the negligence of Delta, she has experienced "severe injuries to her body and limbs as well as . . . injuries both internally and externally, as well as rupture[ed] discs in her spine, as well as to muscles, nerves and tissues surrounding the back causing Plaintiff to suffer with pain, disability and mental anguish" (**Exhibit 1**, Complaint, ¶ 12), "sore[ness], ill[ness] and lame[ness]," present and future "pain, humiliation, mental anguish, embarrassment, gross indignity and inconvenience," and loss of "a considerable sum in wages," both past and future. (**Exhibit 1**, Complaint, ¶ 13.) As part of her damages, plaintiff also seeks recovery for past and future "extensive medical treatment" and "medical, hospital and drug expenses." (**Exhibit 1**, Complaint, ¶ 14.)

It is more likely than not, as a result of alleged severe, permanent injuries to plaintiff's spine, muscles and nerves, her past and future medical expenses, and her alleged past and future wage loss, in combination with plaintiff's request for recover for non-economic damages, including pain, humiliation, and gross indignity, that plaintiff seeks more than $75,000.00. Therefore, it more likely than not that the federal diversity jurisdictional amount-in-controversy requirement of more than $75,000.00 is met in this case.

**B.     There Exists Complete Diversity of Citizenship**

There is complete diversity of citizenship among plaintiff and Delta under 28 U.S.C. § 1332(a)(1). Plaintiff claims she is a resident of Michigan. (**Exhibit 1**, Complaint, ¶ 1.) Delta is a Delaware for-profit corporation that maintains its principal place of business in Atlanta, Georgia. Therefore, there is complete diversity of citizenship among the parties.

### III. DELTA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Furthermore, venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Michigan is the district court embracing the Michigan county in which the removed action was pending. See E.D. Mich. L.R. 83.10(a).

Pursuant to 28 U.S.C. § 1446(d), Delta will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on plaintiff. Delta will also file a copy of all additional papers in the state court record, if any, with this Court.

By filing this Notice of Removal, Delta does not waive, and hereby reserves, its right to assert any and all objections and defenses to plaintiff's complaint, including but not limited to all objections and defenses relating to service of process and venue.

WHEREFORE, Delta Air Lines, Inc., respectfully removes this action from the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan.

>Respectfully submitted,
>
>JAFFE RAITT HEUER & WEISS, P.C.
>
>By:   /s/Scott R. Torpey (P36179
>　　　William D. Adams (P54404)
>Attorneys for defendant Delta Air Lines, Inc.
>27777 Franklin Road, Suite 2500
>Southfield, Michigan 48034-8214
>Phone: (248) 351-3000
>E-mail:storpey@jaffelaw.com
>　　　　　wadams@jaffelaw.com

Dated: April 15, 2013

2476149.1

## CERTIFICATE OF SERVICE

  I hereby certify that on April 15, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I sent such notification to attorneys of record by the method(s) indicated:

***By Email and First Class Mail***
Gary A. Krochmal
Gary A. Krochmal, PLLC
30300 Northwestern Highway, Ste. 263
Farmingotn Hills, MI 48334

              /s/Scott R. Torpey (P36179)
              William D. Adams (P54404)
              Jaffe Raitt Heuer & Weiss, P.C.
              27777 Franklin Road, Suite 2500
              Southfield, MI 48034
              248-351-3000
              248-351-3082 (Fax)
              storpey@jaffelaw.com
              wadams@jaffelaw.com

2476149.1

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHELLE LINT,

      Plaintiff,

vs

DELTA AIR LINES, INC.

      Defendant.

:HELLE LINT VS DELTA AIR LINES,
t. Susan D. Borman    03/20/2013
13-003799-NO

_____/

GARY A. KROCHMAL, PLLC
BY: GARY A. KROCHMAL (P16251)
Attorney for Plaintiff
30300 Northwestern Hwy., Ste. 263
Farmington Hills, MI 48334
248-865-4700

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

## COMPLAINT

NOW COMES Plaintiff MICHELLE LINT, by and through her attorneys, GARY A. KROCHMAL, PLLC, by GARY A. KROCHMAL, and for her Complaint against Defendant DELTA AIR LINES, INC., states unto this Honorable Court as follows:

1. Plaintiff is a resident of the City of St. Joseph, Berrien County, Michigan.

2. Defendant DELTA AIR LINES, INC. is a Delaware corporation doing business in Wayne County, Michigan.

3. Jurisdiction and venue of this Honorable Court is based upon the following

facts:

    a.    An amount in controversy in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS;

    b.    Plaintiff is a resident of the City of St. Joseph, Berrien County, Michigan;

    c.    Defendant does business within the territorial confines of Wayne County, Michigan;

    d.    The incident upon which this matter is based occurred in Wayne County, Michigan.

4.    On June 1, 2012, Plaintiff Michelle Lint was a business invitee on property owned and/or possessed by Defendant at Detroit Metropolitan Airport in Wayne County Michigan

5.    Defendant, as owner and/or possessor of said property, had the right to control the maintenance and upkeep of said property and more particularly, the jetway and gangplank connecting the end of the jetway with Defendant's Comair airplane.

6.    On June 1, 2012, Plaintiff was walking on the jetway from the airport terminal to Defendant's airplane with the intention of walking across the gangplank which connected the end of the jetway with the airplane.

7.    As Plaintiff walked on the jetway, she observed the gangplank, and while observing, did not see any dangerous conditions on the gangplank.

8.    On June 1, 2012, Plaintiff stepped on the gangplank and slipped on its surface, therefore causing Plaintiff to fall and sustained injuries.

9.    As Plaintiff was lying on the gangplank, she observed rain striking her from the gap between the end of the jetway and the airplane.

2

10. Defendant owed the general duty to the Plaintiff to maintain said premises as a reasonably prudent person under the common law of this State, as well as the ordinances of the City of Romulus and/or County of Wayne, and further owed the following specific legal duties to this Plaintiff as a business invitee on said premises:

    a. To exercise reasonable care and prudence to render the premises safe for business invitees;

    b. To expect that a person invited onto its premises would not discover or realize the danger of the aforesaid inadequate condition of the jetway and/or gangplank and would fail to protect themselves against it;

    c. To correct, obviate and protect the public against the existence of said dangerous condition of the jetway and/or gangplank;

    d. To maintain the jetway and/or gangplank and all other areas of said business establishment in a safe condition for invitees, in particular the Plaintiff herein;

    e. To correct or prevent the existence of said dangerous condition when it was known, or through the exercise of reasonable care should have been known, that said condition would cause a person to fall and be injured;

    f. To take reasonable care to know the actual condition of its premises, and in particular, the jetway and/or gangplank, and in the exercise of reasonable care, either remedy or correct the dangerous condition, or adequately warn the invitee of the presence of a dangerous condition upon the premises;

    g. To properly and adequately supervise and oversee the said premises, and in particular, the jetway and/or gangplank, in order to be cognizant of any dangerous conditions that existed and to prevent the premises from being in a condition which would cause a person, in particular, the Plaintiff, to fall, thereby sustaining injuries.

11. Defendant breached each of the aforementioned duties in that it negligently:

    a. Failed to exercise reasonable care and prudence to render said premises safe for business invitees, in particular, the Plaintiff;

3

    b.    Failed to warn invitees of the dangerous and hazardous condition of the jetway and/or gangplank and failed to remedy the dangerous and hazardous condition of the floor, when it was economically feasible to do so;

    c.    Failed to correct or prevent the existence of the said dangerous condition when it was known, or through the exercise of reasonable care, should have been known that said condition would cause a person to fall and further cause a person to be injured;

    d.    Failed to properly and adequately supervise, oversee and inspect the premises, in particular, the jetway and/or gangplank, so as to prevent it from becoming unsafe and causing Plaintiff to fall and be injured;

    e.    Failed to make a reasonable inspection of the premises and failed to provide adequate warnings to prevent injury;

    f.    Maintained the aforesaid premises when said Defendant knew, or should have known, under the exercise of reasonable care, that the condition which existed was, in fact, dangerous to persons coming upon said defendant's premises.

12.    As a result of the foregoing acts of negligence on the part of the Defendant, Plaintiff suffered severe injuries to her body and limbs as well as suffering injuries both internally and externally, as well as rupturing discs in her spine, as well as to muscles, nerves and tissues surrounding the back causing Plaintiff to suffer with pain, disability and mental anguish from the date said injuries were inflicted until the present and to continue to suffer, in the future, with pain, disability and mental anguish, to-wit: permanently.

13.    That prior to the said slip and fall, Plaintiff was a reasonably strong and healthy person. That because of the negligence of the Defendant and injuries aforesaid, she became sore, ill and lame. Further, that she has suffered, still suffers and will continue to suffer pain, humiliation, mental anguish, embarrassment, gross indignity and inconvenience because of the permanent nature of said injuries. That Plaintiff was remuneratively employed and has lost a considerable sum in wages and will continue to have such loss in

4

the future; that she has suffered impairment of her earning capacity and earnings and that she will be unable to participate in the usual activities of life indulged in prior to said accident and resultant injuries.

14. That as a further direct and proximate result of the Defendant's negligence, Plaintiff, was forced, and will be forced in the future to undergo extensive medical treatment, and further that Plaintiff has been and will be forced to incur medical, hospital and drug expenses.

15. That Plaintiff is claiming damages for any and all losses and expense and for any and all other items of damages that she may be entitled to recover under the law and as a result of the wrongful acts and breach of duties by the Defendant.

WHEREFORE, Plaintiff Michelle Lint hereby claims damages against the Defendant Delta Air Lines, Inc. in a sum in excess of Twenty-Five Thousand ($25,000.00) Dollars, to which the Plaintiff is entitled, together with interest, costs and attorney fees so wrongfully sustained.

Respectfully submitted,

GARY A. KROCHMAL, PLLC

By: _____
GARY A. KROCHMAL (P16251)
Attorney for Plaintiff
30300 Northwestern Highway,
Ste. 263
Farmington Hills, MI 48334
248-865-4700

Dated: March 12, 2013

5

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT<br> | **SUMMONS AND RETURN OF SERVICE** | CASE NO. 13-003799-NO |
|---|---|---|

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE: Susan D. Borman     Bar Number: 11816

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| LINT, MICHELLE | VS | DELTA AIR LINES, INC |

**PLAINTIFF'S ATTORNEY**

Krochmal, Gary A.
(P-16251)
30300 Northwestern Hwy Ste 263
Farmington Hills, MI 48334-3477
(248) 865-4700

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | No Jury Demand |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
| 03/20/2013 | 06/19/2013 | Kim Curry-Smith |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 3/22/13     Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

For best results use a felt pen

## RETURN OF SERVICE

Case No. _____

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

_____

I have made the following efforts in attempting to serve the defendant(s): _____

☐ I have personally attempted to serve the summons and complaint, together with _____
Attachment

_____ on _____
Name

at _____ and have been unable to complete service because
Address

the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                              Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

_____
Signature

**GARY A. KROCHMAL, PLL**
30300 Northwestern Hwy., Suite 263
Farmington Hills, MI 48334



7006 0810 0003 5278 3653

$6.310
US POSTAGE
FIRST-CLASS
FROM 48334
MAR 22 2013
stamps.com

Delta Air Lines, Inc.
C/o Csc-lawyers Incorporating Service Co
601 Abbot Road Ste 1
East Lansing MI 48823-3366

RETURN RECEIPT REQUESTED

HELLE LINT VS DELTA AIR LINES,
Susan D. Borman          03/20/2013
13-003799-NO

HELLE LINT VS DELTA AIR LINES,
Susan D. Borman          03/20/2013
13-003799-NO

HELLE LINT VS DELTA AIR LINES,
Susan D. Borman          03/20/2013
13-003799-NO

**Phyllis Nelson**

**From:** sop@cscinfo.com
**Sent:** Monday, March 25, 2013 3:40 PM
**To:** Adams, Kiia E
**Subject:** Notice of Service of Process

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

## Corporation Service Company ®

CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now. For more information on instant access to your SOP, click Sign Me Up.

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 10983821
Date: 03/25/2013

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc. |
| **Entity I.D. Number:** | 2078129 |
| **Entity Served:** | Delta Air Lines, Inc |
| **Title of Action:** | Michelle Lint vs. Delta Air Lines, Inc |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Wayne County Circuit Court, Michigan |
| **Case/Reference No:** | 13-003799-NO |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 03/25/2013 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Gary A. Krochmal
248-865-4700

**Primary Contact:**
Kiia Adams
Delta Air Lines, Inc

**NOTES:**
Slipped on jetway.

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road Wilmington, DE 19808
(888) 690-2882